[No. B035487. Second Dist., Div. Two. May 9, 1989.]

ESMERALDA AVINA, Plaintiff and Respondent, v.
CIGNA HEALTHPLANS OF CALIFORNIA et al., Defendants and
Appellants.

**COUNSEL**

P. Theodore Hammond and Linton, Cushman & Hammond for Defendants and Appellants.

Brian D. Witzer and Robert D. Walker for Plaintiff and Respondent.

**OPINION**

**GATES, J.**—In the instant appeal, defendants Cigna Healthplans of California, Cigna Hospital of Los Angeles, Dr. Charles Hunter, and Dr. Edward King challenge the orders of the trial court denying their petition to compel arbitration and their motion for reconsideration. The latter order resulted in an imposition of sanctions in the amount of $750 pursuant to Code of Civil Procedure section 128.5.

The determinative facts are not disputed. Antonio Avina enrolled himself and his six dependents, including his wife Esmeralda, the respondent herein, in a group prepaid health plan requiring binding arbitration.[1] Although

---

[1] The plan was negotiated by Avina's employer, Paul L. Dodds Company, and California Medical Group Health Plan Inc., which later changed its name to Cigna Healthplans. Respondent attacks the adequacy of appellants' allegations regarding the identity of the contracting healthplan provider and their failure to produce an executed copy of the contract, but there is no truly contested issue as to either point and counsel for respondent concedes as much in his letter dated July 13, 1987, which makes reference to "the underlying subscriber contract between Mrs. Avina's husband's employer and CIGNA Healthplan . . . ."

he thereafter requested through his employer that he and his family be enrolled in another plan effective September 1, 1985, respondent continued to receive medical care and treatment, including exploratory surgery for which she was hospitalized five days, at Cigna facilities until March 1986. On each occasion, she represented herself to be a member in good standing of Cigna by presenting her group membership card.

On January 23, 1987, respondent filed suit against appellants for medical malpractice, battery, fraud and intentional infliction of emotional distress in connection with the exploratory surgery which was performed on January 24, 1986. Remarkably, when appellants sought to compel arbitration of the dispute in accordance with the express terms of the parties' contract, the trial court denied their petition, reasoning as follows in its statement of decision: ". . . The court's decision, orally announced and affirmed here, is based upon the court's finding that at the time when plaintiff submitted to that surgery from which her present action arises she was not a member of defendant and was not bound, therefore, by the contractual provision in the basic contract entered into by her husband's employer with defendant."

We need not consider whether the court was correct in deciding it, rather the arbitrator, was called upon to resolve the contract termination question, since the evidence permits of but one conclusion in any event.

To allow respondent to assert rights and benefits under the contract and then later repudiate it merely to avoid arbitration would be entirely inequitable. Consequently, notwithstanding Avina's purported termination of the health plan, respondent is estopped by her own subsequent conduct from denying the existence of a contractual obligation. (Cf. *Neet* v. *Holmes* (1944) 25 Cal.2d 447, 458-459 [154 P.2d 854]; *Lemat Corp.* v. *American Basketball Assn.* (1975) 51 Cal.App.3d 267, 276-277 [124 Cal.Rptr. 388].)

The suggestion that in order to maintain its arbitration rights a medical provider before rendering any services, must on every occasion challenge and examine the continuing eligibility of each purportedly covered member who presents himself or herself for treatment, is contrary to reason and all existing authority. (See our recent decision in *Gross* v. *Recabaren* (1988) 206 Cal.App.3d 771, 779 et seq. [253 Cal.Rptr. 820] and cases cited therein.)

Our decision in the premises, of course, necessitates a reversal of the sanctions awarded in conjunction with the trial court's denial of appellants' motion for reconsideration.

The orders under review are reversed. The cause is remanded and the trial court is directed to grant appellants' petition to compel arbitration and

to vacate its order imposing sanctions in the amount of $750 pursuant to Code of Civil Procedure section 128.5.

Appellants to recover their costs on appeal.

Roth, P. J., and Fukuto, J., concurred.

A petition for a rehearing was denied May 31, 1989.