Filed 3/4/26  Little v. Consumer Defense Law CA1/4

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION FOUR

| | |
|---|---|
| KENNETH LITTLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>CONSUMER DEFENSE LAW GROUP, P.C., et al.,<br><br>    Defendants and Appellants. | A173486<br><br><br>(San Francisco County Super. Ct. No. CGC24619942) |

Following the foreclosure of his home, Kenneth Little filed an action against defendants Consumer Defense Law Group, P.C., Anthony Paul Cara, and Fernando Leone alleging causes of action for, among other things, fraud, breach of contract, and professional negligence.[1]  In this appeal, defendants contend the trial court erred in denying their petition to compel arbitration of the dispute.  Although plaintiff has not filed a brief in this appeal, "the trial court's judgment is presumed correct, and the burden is on the Appellants to demonstrate reversible error . . . even if there is no respondents' brief." (*Meridian Financial Services, Inc. v. Phan* (2021) 67 Cal.App.5th 657, 708.) Defendants fail to address the trial court's ruling and instead assert a new

---

[1] Plaintiff's complaint names two additional defendants, Ticor Title Company of California and MTC Financial Inc., that are not parties to the appeal.

argument in support of their petition. We decline to consider the new argument asserted for the first time on appeal and accordingly affirm the order denying their petition to compel arbitration.

## BACKGROUND

As relevant here, the complaint alleges that plaintiff was contacted by defendants and induced to sign a retainer agreement by promises that defendants could save his home from foreclosure. The contract, attached as an exhibit to the complaint, includes an initial retainer of $21,000 to cover investigation costs and limited representation of plaintiff in a civil suit against the lender through the case management conference on any such suit. The agreement also includes a contingent fee provision for monetary recovery that—plaintiff alleges unbeknownst to him—provided defendants with a 40 percent interest in the equity of the home recoverable from any excess funds should foreclosure occur. His complaint alleges further that defendants "were at all times pertinent hereto, and are, the agents, servants, employees, joint venturers and partners of each of the other codefendants and were acting within the scope of their authority as such agents, servants, employees, joint venturers and partners, with the permission and consent of said co-defendants" and that defendants breached the contract "by failing to properly charge fees, failing to perform promised services, by charging excessive fees, and materially defaulting on the contracts."

Defendants moved to compel arbitration. Their petition asserts that the fee agreement entered into by the parties included an enforceable agreement to arbitrate. The contract attached to the petition is the same fee agreement attached to the complaint.

Plaintiff opposed the motion, arguing that he did not execute an arbitration agreement with defendants and that "no arbitration agreement

was presented to [him] for signature." Citing *Ruiz v. Moss Bros. Auto Group, Inc.* (2014) 232 Cal.App.4th 836 (*Ruiz*) and *Espejo v. Southern California Permanente Medical Group* (2016) 246 Cal.App.4th 1047, plaintiff argued that defendants had not met their burden of proof to show that the signature on the fee agreement was authentic under the Uniform Electronic Transactions Act (UETA), Civil Code section 1633.1 et seq. He argued further that, even assuming he signed some agreement, the UETA required defendants to provide plaintiff with a fully signed electronic contract in a manner such that he could retain it, so he would know exactly what he allegedly signed and have it for reference, and they had not done so.

In support of his opposition, plaintiff submitted a declaration that stated: "On or around September 23, 2022, Defendants electronically sent me a 'Docusign' email allegedly containing the subject Contingency Retainer Agreement. This 'Docusign' email was 'for legal representation' but only displayed an electronic signature option that prompted me through signatures. I could not review the substance of the documents I was signing. When Defendants sent this 'Docusign' email to me, Defendants contacted me and began giving me legal advice. Defendant's salesman did not allow me to review the substance of any legal documents and instead told me if I signed where indicated he would save his [sic] home from foreclosure; I didn't need to pay my mortgage current I just needed to sign the retainer so that Defendants could file suit; Defendants regularly win lawsuits against lenders like mine for hundreds of thousands of dollars, Defendants would win my lawsuit and would make a lot of money and keep my house; my lender violated numerous regulations; Defendants would get me a loan modification that would reduce my is [sic] interest and the principal balance of my loan; and Defendants would provide me with 'free legal services'. I asked about the

3

contents of what I was signing and Defendants replied to the effect: 'you don't need to review it, it's a standard agreement.' Defendants did not disclose that I was allegedly signing a document that actually gives Defendants a 40% interest in allowing my Property to foreclose. Defendants did not disclose that I was allegedly signing a document that gave Defendants a financial interest adverse to mine. Defendants did not disclose that I was allegedly signing a document that contained an arbitration agreement. Defendants did not disclose that I was allegedly signing a document that was in direct conflict with Defendants' fiduciary duty to me. I did not execute an arbitration agreement. No arbitration agreement was presented to me for signature. Defendants actively prevented me from reviewing the substance of the documents presented to me and fraudulently induced me to click a 'sign' button. Hence, I did not sign or acknowledge any arbitration clause, was deprived of the opportunity to learn of the arbitration clause, and was misled by an alleged 'attorney' that I was coerced into trusting to act in my best interest." Plaintiff's counsel submitted a declaration explaining how a copy of the contract was obtained for the first time prior to the litigation.

In response, defendants argued that " '[o]ne who accepts or signs an instrument, which on its face is a contract, is deemed to consent to all its terms, and cannot escape liability on the ground that he or she has not read it. If the person cannot read, he or she should have it read or explained.' " Defendants did not address plaintiff's argument under the UETA.

Citing the UETA, *Ruiz, supra*, 232 Cal.App.4th 836 and *Fabian v. Renovate America, Inc.* (2019) 42 Cal.App.5th 1062, the trial court denied the motion on the ground that "Defendants failed to meet their burden of proving

4

by a preponderance of the evidence that the electronic signature on the Retainer Agreement is authentic."

## DISCUSSION

Defendants make no attempt to challenge the actual basis for the trial court's ruling. Other than quoting the ruling, they do not address the requirements of the UETA or the cases cited by the trial court, instead arguing that the arbitrability of the dispute is established by judicial admissions in the complaint. The only point at which they refer to the court's ruling in their opening brief comes in the final paragraph of the argument, which reads as follows: "The finding of the Trial Court—that 'DEFENDANTS FAILED TO MEET THEIR BURDEN OF PROVING BY A PREPONDERANCE OF THE EVIDENCE THAT THE ELECTRONIC SIGNATURE ON THE RETAINER AGREEMENT IS AUTHENTIC'—is clearly erroneous. Indeed, having alleged the existence of the agreement (and attaching the agreement entered into with CONSUMER DEFENSE LAW GROUP, P.C. as an exhibit) and that the other Defendants/Appellants are agents or alter egos of CONSUMER DEFENSE LAW GROUP, P.C., Plaintiff is bound by the legal consequences of his allegations. (See *Westra* [*v. Marcus & Millichap Real Estate Investment Brokerage Co., Inc.* (2005) 129 Cal.App.4th 759,] 766 [plaintiffs' allegations that nonsignatory to arbitration agreement acted as agent of signatory parties constituted binding judicial admissions].) Moreover, it would be unfair to Defendants/Appellants to allow Plaintiff to allege the existence of an agreement (and attach the agreement as an exhibit) and agency or alter ego principles when it is to his advantage to do so, but to disavow those same allegations when it is not. (See Civ. Code, § 3521 ['He who takes the benefit must bear the burden.']; *Avina v. Cigna Healthplans of California* (1989) 211 Cal.App.3d 1, 3, ['To

5

allow respondent to assert rights and benefits under the contract and then later repudiate it merely to avoid arbitration would be entirely inequitable'].)"

Defendants' argument that the allegations of plaintiff's complaint constitute a judicial admission regarding the existence of an arbitration agreement—with the implication that defendants were not required to furnish evidence that it contained an authentic electronic signature—was not raised below. " ' "[I]t is fundamental that a reviewing court will ordinarily not consider claims made for the first time on appeal which could have been but were not presented to the trial court" . . . [and] "[g]enerally, issues raised for the first time on appeal which were not litigated in the trial court are waived." ' " (*Bank of America, N.A. v. Roberts* (2013) 217 Cal.App.4th 1386, 1398–1399].) This is true even where appellants assert a purely legal argument for the first time on appeal. (See *Brockman v. Kaiser Foundation Hospitals* (2025) 114 Cal.App.5th 569, 591–592 & fn. 12 [declining to consider legal argument raised for first time on appeal by appellants challenging denial of petition to compel arbitration].) Defendants do not acknowledge that this argument was not presented in the trial court and thus have not explained why this court should exercise its discretion to consider it. Accordingly, we decline to do so. And because defendants have not otherwise addressed the basis for the trial court's ruling, they have not met their burden of showing reversible error. (See *Sonoma Luxury Resort LLC v. California Regional Water Quality Control Bd.* (2023) 96 Cal.App.5th 935, 941.)

## DISPOSITION

The order denying the petition to compel arbitration is affirmed.

GOLDMAN, J.

WE CONCUR:

STREETER, Acting P. J.
MOORMAN, J.*

---

*Judge of the Mendocino Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.